**MARCO & SITARAS** PLLC

From the desk of George Sitaras, Esq.
Email: george@gmgslaw.com
Bar Admissions: New York and New Jersey

April 3, 2020

**VIA ECF**
Honorable Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Wells Fargo Bank, National Association, as Trustee, for the benefit of the Holders of COMM 2015-LC19 Mortgage Trust Commercial Mortgage Pass-Through Certificates, acting by and through Midland Loan Service, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015 ("Plaintiff") v. 5615 Northern LLC and Spyro E. Avdoulos; Civil Case No. 1:20-cv-02048

Dear Judge Broderick:

We are counsel to defendants 5615 Northern LLC and Spyro E. Avdoulos (collectively, "Defendants") in the above-referenced action. We are writing, in response to Plaintiff counsel's letter dated April 2, 2020, notifying of its intention to file a motion for the appointment of a receiver of the subject premises in the foreclosure action.

Pursuant to Governor Andrew Cuomo's Executive Order Number 202 in response to the COVID-19 pandemic, "[t]here shall be no enforcement of … a foreclosure of any residential or commercial property for a period of ninety (90) days." A true and correct copy of Governor Cuomo's Executive Order is enclosed herein.

Since there is currently a stay of all foreclosures in New York State, we respectfully oppose and object to any application in furtherance of the instant foreclosure action, as proposed by Plaintiff's counsel. Thank you for your time and consideration to this matter.

Sincerely,

George Sitaras

cc: counsel of record, via ECF
Encl.

200 Liberty Street, 27th Floor | New York, New York 10281
T. (212) 430-6410 | F. (917) 677-8276 | www.gmgslaw.com



No. 202.8

### EXECUTIVE ORDER

**Continuing Temporary Suspension and Modification of Laws
Relating to the Disaster Emergency**

**WHEREAS,** on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York;

**WHEREAS,** both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to be continue;

**WHEREAS,** in order to facilitate the most timely and effective response to the COVID-19 emergency disaster, it is critical for New York State to be able to act quickly to gather, coordinate, and deploy goods, services, professionals, and volunteers of all kinds; and

**NOW, THEREFORE**, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following:

- In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis,   any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020;
- Subdivision 1 of Section 503 of the Vehicle and Traffic Law, to the extent that it provides for a period of validity and expiration of a driver's license, in order to extend for the duration of this executive order the validity of driver's licenses that expire on or after March 1, 2020;
- Subdivision 1 of Section 491 of the Vehicle and Traffic Law, to the extent that it provides for a period of validity and expiration of a non-driver identification card, in order to extend for the duration of this executive order the validity of non-driver identification cards that expire on or after March 1, 2020;
- Sections 401, 410, 2222, 2251, 2261, and 2282(4) of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a registration certificate or number plate for a motor vehicle or trailer, a motorcycle, a snowmobile, a vessel, a limited use vehicle, and an all-terrain vehicle, respectively, in order to extend for the duration of this executive order the validity of such registration certificate or number plate that expires on or after March 1, 2020;
- Section 420-a of the vehicle and traffic law to the extent that it provides an expiration for temporary registration documents issued by auto dealers to extend the validity of such during the duration of this executive order.
- Subsection (a) of Section 602 and subsections (a) and (b) of Section 605 of the Business Corporation Law, to the extent they require meetings of shareholders to be noticed and held at a physical location.

**NOW, THEREFORE**, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with the disaster, I hereby issue the following directives for the period from the date of Executive Order through April 19, 2020:

- The provisions of Executive Order 202.6 are hereby modified to read as follows: Effective on March 22 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions. An entity providing essential services or functions whether to an essential business or a non-essential business shall not be subjected to the in-person work restriction, but may operate at the level necessary to provide such service or function. Any business violating the above order shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law.
- There shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days.
- Effective at 8 p.m. March 20, any appointment that is in-person at any state or county department of motor vehicles is cancelled, and until further notice, only on-line transactions will be permitted.
- The authority of the Commissioner of Taxation and Finance to abate late filing and payment penalties pursuant to section 1145 of the Tax Law is hereby expanded to also authorize abatement of interest, for a period of 60 days for a taxpayers who are required to file returns and remit sales and use taxes by March 20, 2020, for the sales tax quarterly period that ended February 29, 2020.



GIVEN under my hand and the Privy Seal of the

State in the City of Albany this

twentieth day of March in the year

two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor