UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-LC19 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, acting by and through Midland Loan Services, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015, | Civil Action File No. 20-cv-02048 |

Plaintiff,

v.

5615 NORTHERN LLC and SPYRO E. AVDOULOS,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR THE APPOINTMENT OF A RECEIVER

Keith M. Brandofino, Esq. (KB-2128)
David V. Mignardi, Esq. (DM-1123)
Attorneys for Plaintiff
> *Wells Fargo Bank, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-LC19 Mortgage Trust Commercial Mortgage Pass-Through Certificates, acting by and through Midland Loan Services, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015*

The Grace Building
1114 Avenue of the Americas
New York, New York 10036
(212) 775-8700
kbrandofino@kilpatricktownsend.com
dmignardi@kilpatricktownsend.com

16759555V.6 049954/1174163

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................I

TABLE OF AUTHORITIES ........................................................................................II

INTRODUCTION ........................................................................................................1

FACTUAL BACKGROUND ........................................................................................3

ARGUMENT ................................................................................................................3

      POINT I        EXECUTIVE ORDER 202.8 DOES NOT BAR THE
                          INSTANT APPLICATION .................................................3

      POINT II      PLAINTIFF IS ENTITLED TO THE APPOINTMENT OF A
                          RECEIVER .........................................................................6

CONCLUSION.............................................................................................................11

16759555V.6 049954/1174163

## **TABLE OF AUTHORITIES**

**Cases**

1248 Assoc. Mezz II LLC v. 12E48 Mezz II LLC,
   Index No. 651812/2020 ................................................................................................ 4

Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n,
   787 F. Supp. 250 (D.D.C. 1992) ................................................................................. 6

Citibank, N.A. v. Nyland (CF8) Ltd.,
   839 F.2d 93 (2d Cir. 1988) ..................................................................................... 6, 7

Eastern Savings Bank v. Robinson,
   No. 13 Civ. 7308, 2016 WL 482024 (E.D.N.Y. Feb. 4, 2016) ................................. 10

Mancuso v. Kambourelis,
   72 A.D.2d 636, 421 N.Y.S.2d 130 (3d Dep't 1979) .............................................. 6, 7

Onewest Bank, N.A. v. Rosado,
   No. 14 Civ. 9917 (LGS), 2016 WL 3198305 (S.D.N.Y. June 7, 2016) ................... 10

U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC,
   866 F. Supp. 2d 247 (S.D.N.Y. 2012) .................................................................... 7, 8

Varsames v. Palazzolo,
   96 F. Supp. 2d 361 (S.D.N.Y. 2000) .......................................................................... 8

Wells Fargo Bank, N.A. v. Morgan,
   32 N.Y.S. 3d 595, 2016 WL 2993966 (2d Dep't May 25, 2016) ............................. 10

**Rules & Regulations**

Fed. R. Civ. P. 66 .......................................................................................................... 1, 6

**Other Authorities**

12 Charles Alan Wright & Arthur R. Miller,
   Federal Practice and Procedure § 2983 (1973) .......................................................... 6

Gov. Andrew M. Cuomo, Exec. Order No. 202.28 (May 7, 2020),
   https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO202.28.pdf
   (Continuing Temporary Suspension and Modification Laws Relating to the Disaster
   Emergency, New York State) ....................................................................................... 2

Gov. Andrew M. Cuomo, Exec. Order No. 202.8 (Mar. 20, 2020),
   https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf
   (Continuing Temporary Suspension and Modification Laws Relating to the Disaster
   Emergency, New York State). ........................................................................... *passim*

## INTRODUCTION

Plaintiff[1] acting by and through its Special Servicer submits this memorandum of law in support of its motion seeking an order appointing Ian V. Lagowitz of IVL Group, LLC, as receiver of the assets of defendant Borrower pursuant to Fed. R. Civ. P. 66, and granting such other and further relief as is just and proper.

Plaintiff is the current holder of a defaulted $9,000,000.00 loan and commenced this action on March 6, 2020 as a result of, inter alia, Borrower's failure to pay the loan off in full at maturity on January 6, 2020.[2] The Loan is secured by, inter alia, a consolidated mortgage on commercial property located at 56-15 Northern Boulevard, Woodside, New York 11377 and the rents generated therefrom.

Following the commencement of this action, on March 20, 2020 New York State Governor Andrew Cuomo issued Executive Order 202.8, pursuant to which Governor Cuomo directed, inter alia, that "[t]here shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days . . ." By its express terms, EO 202.8 prohibits the enforcement of a foreclosure of a commercial property through June 18, 2020. In other words, Plaintiff cannot take steps to further its efforts to extinguish Borrower's equitable right of redemption through the public auction of the Property until after June 18, 2020.

EO 202.8 does not prohibit Plaintiff from exercising any other rights or remedies afforded to it under the express terms of the subject loan documents or at law. Included in the scope of Plaintiff's rights and remedies under the Loan Documents is the appointment of a receiver.

---

[1] Defined terms herein shall have the same meaning ascribed to them in the Declaration of Derek Stephens dated May 19, 2020 (the "Stephens Decl.").

[2] See the Stephens Decl. ¶ 5.

Specifically, pursuant to Section 7.1 of the Mortgage, Borrower consents to the appointment of a receiver and acknowledges that the appointment of a receiver of the Property is a separate and distinct remedy that Plaintiff can pursue independent of or in conjunction with the remedies granted to Plaintiff under the Loan Documents.  Because EO 202.8 is limited to staying evictions and foreclosures, it is respectfully submitted that there exists no prohibition against Plaintiff proceeding with its request for the appointment of a receiver of the Property.

Subsequent to the issuance of EO 202.8, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, which provides in relevant part that:

> …There shall be no initiation of a proceeding or enforcement of either an eviction of any residential or commercial tenant, for nonpayment of rent or a foreclosure of any residential or commercial mortgage, for nonpayment of such mortgage, owned or rented by someone that is eligible for unemployment insurance or benefits under state or federal law or otherwise facing financial hardship due to the COVID-19 pandemic for a period of sixty days beginning on June 20, 2020.

Plaintiff respectfully submits that any prohibition contained in EO 202.28 is wholly inapplicable to this case because: (a) Plaintiff commenced this action before the emergency of the COVID-19 pandemic; and (b) Borrower's defaults, including its failure to satisfy its loan obligation at maturity on January 6, 2020, are not due to any financial hardship caused by COVID-19.

Plaintiff also respectfully submits that the Borrower's actions to date warrant the immediate appointment of a receiver of the Property.  Quite significantly, since at least January 22, 2019, the date upon which Mayors Auto Group LLC elected to terminate its lease, the Loan Documents required Borrower to remit to Plaintiff all rents collected.  Borrower failed to do so and appears to have used Rents for purposes other than maintaining the Property.  Borrower's actions have placed Plaintiff's collateral in jeopardy by, inter alia, failing to pay water or sewer charges for the Property, resulting in the impending sale of a lien for such unpaid charges.

2

16759555V.6 049954/1174163

Plaintiff is plainly entitled to the appointment of a receiver over Borrower's Assets because, inter alia: (1) Borrower agreed in the Loan Documents that Plaintiff would be entitled to such appointment in the event of a default thereunder without regard to the adequacy of security and such a default has undoubtedly transpired; (2) despite demand, Borrower refuses to remit to Plaintiff the Rents it collects from the Property and to provide to Plaintiff true and complete financial disclosure regarding the Property's performance and Borrower's financial health; (3) Borrower has allowed liens to be filed against the Property; and (4) for no apparent or justifiable reason, Borrower allowed the umbrella coverage insurance policy for the Property to lapse and remain lapsed for twenty-two days.

For the reasons more fully set forth below, Plaintiff respectfully requests that the Court grant this motion and appoint Mr. Lagowitz as receiver of the Borrower's Assets.

## FACTUAL BACKGROUND

The factual background relevant to the instant motion is fully set forth in the Declaration of Keith M. Brandofino, Esq., dated May 22, 2020 (the "Brandofino Decl.") as well as the Stephens Decl. that are submitted herewith, and the documents respectively annexed thereto and, therefore, will not be repeated herein.

## ARGUMENT

### POINT I
### EXECUTIVE ORDER 202.8 DOES NOT BAR THE INSTANT APPLICATION

In response to the COVID-19 pandemic, Governor Cuomo  issued numerous executive orders, including but not limited to, EO 202.8.  Therein, the Governor decreed, inter alia, that "[t]here shall be no enforcement of either an eviction of any tenant residential or commercial, or a foreclosure of any residential or commercial property for a period of ninety days." See Gov. Andrew M. Cuomo, No. 202.8: Continuing Temporary Suspension and Modification Laws

3

Relating to the Disaster Emergency, New York State (Mar. 20, 2020), https://www.governor.ny.gov/news/no-2028-continuing-temporary-suspension-and-modification-laws-relating-disaster-emergency.  In response to Plaintiff's request to file the instant application, Defendants contend that New York's temporary stay of enforcing foreclosures prohibits Plaintiff from proceeding with its application for the appointment of a receiver. See ECF No. 14.  Defendants' invocation of EO 202.8 in this regard is misplaced.

As an initial matter, EO 202.8 dictates that there shall be no "enforcement" of a foreclosure for a 90-day period. Id.  EO 202.8 does not prescribe a blanket stay of all of a lender's rights and remedies under its loan documents or at law.  In this regard, we call to the Court's attention the Decision and Order dated May 18, 2020 issued by the Hon. Frank P. Nervo of the Supreme Court of the State of New York for the County of New York, in the matter 1248 Assoc. Mezz II LLC v. 12E48 Mezz II LLC, Index No. 651812/2020[3], supporting Plaintiff's position that EO 202.8 is limited to the prosecution of a mortgage foreclosure and not to any other remedy available under to a lender.  Specifically, Judge Nervo states in relevant part:

> … Defendant opposes the motion and asserts that Executive Order is inapplicable inasmuch as the proposed sale is of property posted to secure a loan as governed by the UCC, not a mortgage upon real property. Defendant further posits had the Executive Order intended to prohibit sales of collateralized assets (referred to as "Pledged Interests" in the Notice of Sale published by defendant) governed by the UCC, such prohibition would have been explicitly provided for within that Executive Order, as had been done with respect to New York Vehicle and Traffic Law, Business Corporation Law, Civil Practice Law and Rules and other statutes.
>
> Defendant further notes a foreclosure to be a judicial proceeding, whereas the proposed (and Noticed) sale addresses a disposition of collateral pursuant to Article 9 of the UCC, a non-judicial proceeding.

---

[3] A copy of the Decision and Order dated May 18, 2020 issued by the Hon. Frank P. Nervo is annexed hereto.

The Court concurs with the defendant. While the terms of Executive Order No. 202.8 prohibit foreclosure of any commercial property for a period of ninety days without limitation to mortgages, that provision addresses enforcement of a judicially ordered foreclosure. The sale of the pledged interests in this matter results from the parties' agreement, as guided by the UCC.

Moreover, pursuant to the express terms of the Mortgage, Borrower acknowledges that Plaintiff's right to obtain the appointment of a receiver is a contractual remedy separate and distinct from its foreclosure remedy. Specifically, Section 7.1 of the Mortgage provides in relevant part:

Section 7.1.   Remedies.  Upon the occurrence and continuance of any Event of Default, Borrower agrees that Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property, including, but not limited to, the following actions, each of which may be pursued  concurrently or otherwise, at such time and in such order as Lender may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender:

****

(b) institute proceedings, judicial or otherwise, for the complete foreclosure of this Mortgage under any applicable law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

****

(g)      apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, which appointment is hereby authorized and consented by Borrower, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of the Borrower, any guarantor or indemnitor with respect to the Loan or any Person liable for the payment of the Debt or any part thereof;

16759555V.6 049954/1174163

<u>See</u> Stephens Decl., Ex 3.  Indeed, Plaintiff's Complaint includes various and distinct counts for relief, foreclosure of the Mortgage and appointment of a receiver being among them.  <u>See</u> Brandofino Decl., Ex. 1.

It is clear that Plaintiff's filing of the instant application is not in furtherance of Plaintiff's foreclosure claim but, rather, its receivership claim, which stems from a separate and distinct contractual remedy available to Plaintiff in order to protect the Property from further deterioration due to Borrower's neglect.  Therefore, even if Plaintiff is barred from prosecuting its foreclosure claim herein for ninety days, EO 202.8 does not warrant a stay of adjudication of the instant application.

<u>**POINT II**</u>
**PLAINTIFF IS ENTITLED TO THE APPOINTMENT OF A RECEIVER**

Rule 66 of the Federal Rules of Civil Procedure provides that the Federal Rules of Civil Procedure "govern an action in which the appointment of a receiver is sought . . . [b]ut the practice in administering an estate by a receiver . . . must accord with the historical practice in federal courts or with a local rule." Fed. R. Civ. P. 66.

Upon an Event of Default, it is well established that federal courts may appoint a receiver where a note and security agreement authorize the remedy. <u>See</u> <u>Brill & Harrington Invs. v. Vernon Sav. & Loan Ass'n</u>, 787 F. Supp. 250, 253-54 (D.D.C. 1992) ("Creditors with a security interest in real property have a well-established interest in the property sufficient to support the appointment of a receiver." (citing 12 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2983 (1973)).  "It is entirely appropriate for a mortgage holder to seek the appointment of a receiver where the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage which constitute one or more events of default." <u>Citibank, N.A. v. Nyland (CF8) Ltd.</u>, 839 F.2d 93, 97-98 (2d Cir. 1988) (citing <u>Mancuso</u>

v. Kambourelis, 72 A.D.2d 636, 637, 421 N.Y.S.2d 130, 131 (3d Dep't 1979)).  Indeed, "the existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default." U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC, 866 F. Supp. 2d 247, 250 (S.D.N.Y. 2012) (citing Citibank, N.A., 839 F.2d at 97).

   In addition to the legal authority empowering this Court to appoint a receiver, by the express terms of the Loan Documents, Borrower has previously consented to the within requested relief should it default on the Loan, an event that has indisputably transpired. See Stephens Decl., Ex 3 at § 7.1(g).  And, here, there is no question that Events of Default have occurred entitling Plaintiff to the appointment of a receiver.  Borrower has failed to: (i) pay the outstanding principal balance, all accrued and unpaid interest and all other amounts due under the Loan Documents due on the January 6, 2020 Maturity Date (the "Payment Default") (id. ¶¶ 28 – 30); (ii) uphold the Borrower's Lease Obligations (as defined in Paragraph 32 of the Complaint) with respect to Mayors Auto Group LLC's election to terminate its lease on or about January 22, 2019 (the "Lease Default") (id. ¶¶ 32 – 33); and (iii) to deliver the Cash Management Activation Notice (as defined in the Loan Agreement) (the "Cash Management Default") (collectively, the "Defaults") in violation of its contractual obligations under the Loan Documents. See Stephens Decl. ¶¶ 14 – 15, Ex. 13.  Accordingly, the appointment of a receiver herein is appropriate not only because federal law expressly authorizes it but because the Loan Documents provide Borrower's express consent to such an appointment following Borrower's default, which default is indisputable.

7

In addition to the foregoing, there exist other factors supporting Plaintiff's request for a receiver.  In determining whether the appointment of a receiver is warranted, federal courts will also consider, inter alia, the following factors:

> Fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

U.S. Bank Nat'l Ass'n, 866 F. Supp. 2d at 249-50 (internal alterations omitted) (quoting Varsames v. Palazzolo, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (granting motion to appoint receiver and citing factors)).  Many of the foregoing factors also weigh in favor of the appointment of a receiver of the Property.

First, there is imminent danger that the Property will suffer waste and diminish in value in the absence of an appointed receiver.  Although Plaintiff revoked Borrower's license to collect the Rents, Borrower has failed to remit them despite Plaintiff's demand therefor.  See Stephens Decl. ¶¶ 14 – 18, Ex. 13.  Borrower has also intentionally concealed the true financial status and performance of the Property by failing to deliver complete financial information, in direct contravention of its obligations under the Loan Agreement. Id. ¶ 18, Ex. 1.  Despite enjoying the benefit of the Rents, Borrower has demonstrated an unwillingness to pay the most basic and necessary property expenses, such as water or sewer bills.  Borrower's unwillingness to use the Rents it has collected has unnecessarily rendered the Property subject to a $56,397.05 water lien. Id. ¶¶ 18 – 20, Ex. 14 – 15.

Further, it is Plaintiff's understanding that there was a twenty-two day gap of umbrella insurance coverage for the Property, which has further exacerbated the risks to Plaintiff's collateral. Id. ¶¶ 21 – 22, Ex. 16 – 17.  Due to Borrower's failure to pay such necessary property

8

expenses, Plaintiff will likely be forced to advance funds, out-of-pocket, to satisfy this unpaid water lien. Borrower's collection and failure to turn over the Rents, while neglecting to pay the most basic expenses and to ensure ongoing umbrella insurance coverage for the Property, is clear indicia that Borrower is either misappropriating the Rents or mismanaging the Property, either of which warrants the appointment of a receiver to ensure adequate protection of Plaintiff's collateral. In order to preserve the value of Borrower's Assets, a receiver is clearly needed to take immediate control of them, ensure continuous and uninterrupted insurance coverage for the Property, and operate them as ongoing concerns.

Second, Plaintiff's legal remedies would be inadequate in the absence of an appointed receiver. Indeed, the Loan is generally non-recourse such that, except under limited circumstances as set forth in the subject loan documents, neither Borrower nor Guarantor have personal liability for its repayment. See Stephens Decl., Ex. 1 at § 11.22; Ex. 5 at § 1.2. Thus, Plaintiff's primary, if not, sole avenue for recovery on the Loan is the Borrower's Assets. With Borrower failing to turn over and possibly misappropriating the Rents, and the Property seemingly slipping into a state of abandonment, risk of waste and dissipation or diminution in the value of Plaintiff's collateral seems likely, if not, certain. A receiver is needed to immediately take possession of and preserve the Property until this action is resolved or until Plaintiff coordinates liquidation of the Property. In turn and without an apparent avenue to recourse liability under the Loan Documents, the harm that Plaintiff would suffer, in the absence of an appointed receiver, far outweighs the harm that Borrower would suffer, should a receiver be appointed, especially in light of Borrower's prior consent to an appointed receiver in precisely this instance.

Third, and by virtue of Borrower's execution of the Loan Documents and subsequent default on the Loan, Plaintiff has shown its likelihood of success on the merits of its foreclosure claim:

> Under New York law, a plaintiff demonstrates prima facie entitlement to judgment as a matter of law in a foreclosure action "by submitting the mortgage, the unpaid note, and evidence of the defendant's default." Wells Fargo Bank, N.A. v. Morgan, 32 N.Y.S. 3d 595, 2016 WL 2993966, at *2 (2d Dep't May 25, 2016); see Eastern Savings Bank v. Robinson, No. 13 Civ. 7308, 2016 WL 482024, at *3 (E.D.N.Y. Feb. 4, 2016) ("In a New York mortgage foreclosure action, a plaintiff makes a prima facie case — with summary judgment appropriate if nothing else is shown — where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.").

Onewest Bank, N.A. v. Rosado, No. 14 Civ. 9917 (LGS), 2016 WL 3198305 at *2 (S.D.N.Y. June 7, 2016).

Finally, appointment of Mr. Lagowitz as receiver for the Borrower's Assets would aid in the protection of the Property and preservation of its value. Receiver is the Managing Partner of IVL Group, LLC, a real estate management company with tremendous experience managing and acting as court-appointed receiver for properties such as the Property at issue here. See Brandofino Decl. ¶ 10, Ex. F. With such experience and a national presence, Mr. Lagowitz and IVL Group, LLC is well suited to preserve the value of the Property and potentially avoid irreparable harm to Plaintiff's collateral.

Based on the foregoing, it is clear that many of the relevant factors for this Court's consideration support the appointment of a receiver herein. Further, and in light of Mr. Lagowitz's and IVL Group LLC's experience, Plaintiff asks that the Court waive the bond requirement for the appointed receiver or, in the alternative, require that a minimal bond in an amount of no more than $7,500 be posted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion in its entirety.

Dated:  New York, New York
       May 22, 2020

**KILPATRICK TOWNSEND & STOCKTON LLP**


By: _/s/ Keith M. Brandofino_
      Keith M. Brandofino, Esq.
      David V. Mignardi, Esq.
      Attorneys for Plaintiff
         *Wells Fargo Bank, National Association, as
         Trustee, for the Benefit of the Holders of COMM
         2015-LC19 Mortgage Trust Commercial
         Mortgage Pass-Through Certificates, acting by
         and through Midland Loan Services, a Division
         of PNC Bank, National Association, as Special
         Servicer under the Pooling and Servicing
         Agreement dated as of February 1, 2015*
      1114 Avenue of the Americas
      New York, New York  10036
      (212) 775-8700
      kbrandofino@kilpatricktownsend.com
      dmignardi@kilpatricktownsend.com

11

16759555V.6 049954/1174163