USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF THE HOLDERS OF COMM
2015-LC19 MORTGAGE TRUST
COMMERCIAL MORTGAGE
PASSTHROUGH CERTIFICATES, acting by
and through Midland Loan Services, a Division
of PNC Bank, National Association, as Special
Servicer under the Pooling and Servicing
Agreement dated as of February 1, 2015,

20-CV-2048 (VSB) (KHP)

**ORDER SCHEDULING**
**EVIDENTIARY HEARING**

                          Plaintiff,

           -against-

5615 NORTHERN LLC and SPYRO E.
AVDOULOS,

                         Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      The parties previously informed the Court that foreclosure damages can be determined on the papers and that an evidentiary hearing is not required. However, the Court has reviewed the submissions and finds them inadequate to ascertain damages and lacking in sufficient evidentiary proof. Just by way of example, no documents show payments toward principle and interest on the loan to demonstrate how the principal amount was ascertained. The principal amount is stated at slightly different amounts in various papers submitted to the Court. Similarly, no evidence of payments of expenses is provided. *See, e.g., U.S. Bank Trust, N.A. v. Dingman*, 2016 WL 6902480 (S.D.N.Y. Nov. 22, 2016) (denying requests for certain amounts allowed by a note and mortgage including late charges and escrow payments and costs for failure to submit actual evidence such as receipts of payment; finding

affidavit alone not adequate basis for award of damages).  Additionally, the Court is unable to cross-check math used to arrive at the proposed damages figures because, among other things, Plaintiff does not lay out the method of computation of interest as set forth in the applicable loan documents.

Accordingly, although the Court previously denied Defendant the opportunity to file late submissions (ECF No. 90), upon further consideration and based on the aforementioned inadequacies of Plaintiff's submissions, the Court grants Defendant an extension of time nunc pro tunc until **Monday, April 10, 2023** to file a response to Plaintiff's papers.

Additionally, an evidentiary hearing will be held on **Tuesday, April 11, 2023 at 2:00 p.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York NY.  Plaintiff shall be prepared to present testimony and documentary evidence.  Defendant may attend, cross-examine witnesses, and present evidence.

**SO ORDERED.**

DATED:   New York, New York
         March 31, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge