UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
 

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-LC19 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, *acting by and through Midland Loan Services, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015*,

       Plaintiff,

  - against -

5615 NORTHERN LLC and SPYRO E. AVDOULOS,

       Defendants.
--------------------------------------------------------X

20-CV-2048 (VSB)

**OPINION & ORDER**

Appearances:

David Vincent Mignardi
Keith Michael Brandofino
Holland & Knight LLP
New York, New York
*Counsel for Plaintiff*

George Sitaras
Sitaras & Associates, PLLC
New York, New York

Charles Wallshein
Charles Wallshein PLLC
Melville, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is Magistrate Judge Katharine H. Parker's unobjected to Report and Recommendation, filed on May 4, 2023 (the "Report"). (Doc. 107 ("R&R").) I referred this matter to Magistrate Judge Parker for a report and recommendation concerning whether a judgment of foreclosure and sale should be issued and the amount of the judgment, as well as whether a receiver should be appointed. Magistrate Judge Parker recommended the following:

(1) That judgment be entered in favor of Plaintiff in the amount of $12,636,379.74 for damages accrued up to April 6, 2023, which included the following:

   a. The unpaid principal balance of $8,271,086.02;

   b. $1,245,017.34 of regular interest and $1,708,348.16 of default interest accrued on the unpaid balance until April 6, 2023;

   c. The maturity late charge of $414,931.88;

   d. Protective advances totaling $895,203.52 and an additional $31,586.85 for outstanding attorneys' fees and costs; and

   e. $66,105.97 in Special Servicing Fees and $4,100.00 for Payoff Quote fees. (*Id.* at 27.)

(2) That judgment be entered in favor of Plaintiff for an amount to be determined at the time of judgment for:

   a. Interest that will have accrued on the unpaid principal balance from April 6, 2023 until the time of judgment;

   b. Interest accrued on the protective advances, calculated at prime rate or the Default Rate of 9.99%, whichever is less;

      c. Additional payments Plaintiff makes in protective advances, attorneys' fees, Special Servicing Fees, and Payoff Quote fees, and any interest accrued thereon in accordance with the Report.

      d. A Liquidation Fee in an amount to be determined following the foreclosure sale. (*Id.*)

(3) That post-judgment interest be awarded to Plaintiff. (*Id.*)

(4) That Ivan V. Lagowitz be appointed as a referee of the sale and as a receiver on the Property, and the proceeds from the sale of the Property be applied to the amount of damages owed. (*Id.*)

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to a report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error." *Santana v. Comm'r of Soc. Sec.*, 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018) (same).

    Judge Parker notified the parties in the Report that they

> shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under

>Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

(R&R 28.) Despite Judge Parker's admonition, none of the parties objected to the Report or requested more time to do so. Accordingly, I have reviewed Judge Parker's thorough and well-reasoned Report for clear error and, after careful review, found none. Accordingly, I ADOPT the Report in its entirety.

In accordance with Judge Parker's recommendation, it is hereby ORDERED that Mr. Ian V. Lagowitz of Trigild IVL Group be appointed as a referee of the sale and as a receiver on 56-15 Northern Boulevard in Queens, New York. (R&R 27.) An order related to the receivership will be filed after this Opinion & Order is filed on the docket.

An order and judgment consistent with Judge Parker's Report will also be filed after this Opinion & Order is filed on the docket.

SO ORDERED.

Dated: November 8, 2023
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

4