UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF COMM 2015-LC19 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, acting by and through Midland Loan Services, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015, | Civil Action File No. 20-cv-02048-VSB |
| Plaintiff, | |
| v. | **ORDER & JUDGMENT** |
| 5615 NORTHERN LLC and SPYRO E. AVDOULOS, | |
| Defendants. | |

**THIS MATTER** is before the Court by plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Wells Fargo Bank, National Association, as Trustee, for the Benefit of the Holders of COMM 2015-LC19 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Plaintiff"), acting by and through Midland Loan Services, a Division of PNC Bank, National Association, as Special Servicer under the Pooling and Servicing Agreement dated as of February 1, 2015, seeking an Order entering a Final Judgment of Foreclosure pursuant to Rule 54 of the Federal Rule of Civil Procedure ("FRCP") in favor of Plaintiff and against defendant 5615 Northern LLC ("Borrower"), and permitting Plaintiff to foreclose on the subject mortgaged premises located at 56-15 Northern Boulevard, Woodside, New York 11377 (the "Mortgaged Premises"), as more fully described in the applicable mortgage, and granting such other and further relief that the Court deems just and proper.  For good cause shown and upon the Report and Recommendation on Request for Judgment of Foreclosure and Sale and Request for

Receiver of Magistrate Judge Katharine Parker's, dated May 4, 2023 (ECF Doc. No. 107) the Court it is:

ORDERED, ADJUDGED AND DECREED, that a Final Judgment of Foreclosure, pursuant to FRCP 54, is hereby entered in favor of Plaintiff and against Borrower; and it is further

ORDERED, ADJUDGED AND DECREED, that the amount due to Plaintiff under the loan documents that are the subject of this action, as of October 10, 2023, is **14,478,229.07** calculated as follows:

| | |
|---|---|
| Principal Amount Due as of October 10, 2023: | $8,271,086.02 |
| Interest due from March 6, 2020 to October 10, 2023 (Interest Rate = 4.99% per annum) | $1,451,137.55 |
| Default Interest due from February 21, 2019 to October 10, 2023 (Default Rate = 5% per annum) | $2,833,704.09 |
| Maturity Late Charge | $417,344.83 |
| Reconveyance/Payoff Fees | $5,600.00 |
| Interest on Advances | $312,243.21 |
| Protective Advance-Tax | $881,225.36 |
| Protective Advance-Legal | $208,014.55 |
| Protective Advance-Insurance | $1,222.27 |
| Protective Advance - Inspection | $459.28 |
| Protective Advance-Miscellaneous | $1,092.35 |
| Protective Adv - Third Party Expenses | $19,000.00 |
| Special Servicing Fees | $76,099.86 |
| Reserves – Replacement | ($0.09) |
| Reserves – TI/LC | ($0.21) |
| **TOTAL DUE AS OF October 10, 2023** | **$14,478,229.07** |

#229280775_v5 516952.00443

and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Mortgaged Premises, as more particularly described in Schedule A annexed hereto, or such part thereof as may be sufficient to discharge the mortgage debt, and the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold in one parcel at public auction at the front steps of the Mortgaged Premises pursuant to the terms thereof, by and under the direction of Ian V. Lagowitz ("Referee") of Trigild, LLC, 24 Church Street, Montclair, NJ 07042, who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231 and the law and practice of this Court in *The New York Times* and that Plaintiff or any other parties to this action may become the purchaser(s) at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute the Terms of Sale for the purchase of the premises, unless Plaintiff becomes the purchaser at said sale, Plaintiff shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the the Mortgaged Premises, the Mortgaged Premises shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such location as the Referee shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties.  The Referee shall transfer title only to the successful bidder at the auction, except if Plaintiff is the successful bidder, in which case Plaintiff may assign its bid and title may be transferred to its assignees.  Any delay or adjournment of the closing beyond forty-five (45) days may be stipulated among the parties, with the Referee's Consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee deposit all funds received pursuant to this Order in his/her own name as Referee in an FDIC-insured bank of the Referee's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST:**  The statutory fees and commissions of said Referee pursuant to CPLR § 8003 (b) which shall not exceed $1,750 unless the sale price (the amount of the accepted bid) exceeds $50,000.  In the event the sale price exceeds $50,000 and additional compensation (including commissions) in excess of $750 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court.

Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003 (b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption.  Such

#229280775_v5 516952.00443

application shall be promptly submitted to the Court within five (5) days of the transfer of the deed and prior to filing the Report of Sale. The five (5) day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty (30) day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR § 8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay.  Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff.  This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

**SECOND:**  The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

**THIRD:**  Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates, and any charges placed upon the Mortgaged Premises by a city agency which have priority over the foreclosed mortgaged, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:**   Said Referee shall also pay to Plaintiff or its attorneys the sum of $**14,478,229.07**, the said amount so reported due to Plaintiff as aforesaid, together with interest thereon from October 11, 2023 to the date of entry of this Judgment at the rate of 9.169% (per diem rate of $3,480.4067), and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to inspect, repair, appraise, and/or maintain the Mortgaged Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and the Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED,** that in case Plaintiff be the purchaser of said subject Mortgaged Premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST" "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of the city agency, shall

be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "FOURTH".  If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from Plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a judge of the Court, that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser of within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of the defendant Spyro E. Avdoulos the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds thereof,

provided a motion for a deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the purchaser or purchasers at such sale be let into possession of the Mortgaged Premises on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action and all person claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Mortgaged Premises to be sold in one parcel in "as is" physical order and condition, subject to:

- any state of facts that an inspection of the Mortgaged Premises would disclose;

- any state of facts that an accurate survey of the Mortgaged Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, declarations, easements, rights of way and public utility agreements of record, if any;

- if any, any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same;

- any rights of tenants or persons in possession of the Mortgaged Premises other than tenants, or any portion thereof;

- any violations of record;

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;

- any equity of redemption of the United States of America to redeem the Mortgaged Premises within one hundred and twenty days (120) days from date of sale;

and it is further

**ORDERED**, that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants or occupants named in this action, and any other party entitled to notice no less than thirty (30) days prior to sale.

Date:  November   8 , 2023

Vernon S. Broderick
United States District Judge

9

## SCHEDULE A

## EXHIBIT A
## LEGAL DESCRIPTION

All that certain plot, piece or parcel of land situate, lying and being at Woodside, in the Second Ward of the Borough and County of Queens, City and State of New York, shown and designated as and by the lots numbered 610, 633, 634, 635, 636 and 637 in Block 22 on a certain map entitled, "Map of North Woodside, in the Town of Newton, Queens County, L.I., belonging to J. Henry Dick and filed in the Office of the Clerk, Now Register, of the County of Queens, August 23, 1895, under file number 964 and which said lots when taken together as one parcel are more particularly bounded and described as follows:

BEGINNING at a point on the Northerly side of Northern Boulevard 25 feet West of the intersection of the Northerly side of Northern Boulevard and the Westerly side of 57th Street as Northern Boulevard and 57th Street are laid out on the Topographical Maps of the City of New York, 100 feet and 80 feet wide, respectively;

RUNNING THENCE Northerly parallel with the Westerly side of 57th Street, 100 feet;

THENCE Westerly parallel with the Northerly side of Northern Boulevard 75 feet;

THENCE Northerly and parallel with the Westerly side of 57th Street, 25 feet;

THENCE Westerly parallel with the Northerly side of Northern Boulevard 100 feet to the Easterly side of 56th Street, formerly Fourth Street ( 50 feet wide );

THENCE Southerly along the Easterly side of 56th Street, 25 feet;

THENCE Easterly parallel with the Northerly side of Northern Boulevard, 50 feet;

THENCE Southerly parallel with the Easterly side of 56th Street, 100 feet to the Northerly side of Northern Boulevard;

THENCE Easterly along the Northerly side of Northern Boulevard 125 feet to the point or place of BEGINNING.

*Said premises being more commonly known as: **56-15 NORTHERN BOULEVARD, WOODSIDE, NEW YORK***

County: **QUEENS**

Block: **1158**      Lot: **120**

#229280775_v5 516952.00443