UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                               :

WELLS FARGO BANK, NATIONAL            :
ASSOCIATION, AS TRUSTEE, FOR THE   :
BENEFIT OF THE HOLDERS OF COMM    :
2015-LC19 MORTGAGE TRUST               :              20-CV-2048 (VSB)
COMMERCIAL MORTGAGE PASS-         :
THROUGH CERTIFICATES, acting by and  :              **ORDER**
through Midland Loan Services, a Division of  :
PNC Bank, National Association, as Special  :
Servicer under the Pooling and Servicing   :
Agreement dated as of February 1, 2015,    :
                                                             :
                                     Plaintiff,    :
                                                             :
                    - against -                       :
                                                              :
5615 NORTHERN LLC and SPYRO E.      :
AVDOULOS,                                        :
                                                             :
                                 Defendants.  :
----------------------------------------------------------X

Appearances:

David Vincent Mignardi
Keith Michael Brandofino
Holland & Knight LLP
New York, New York
*Counsel for Plaintiff*

George Sitaras
Marco & Sitaras PLLC
New York, New York

Charles Wallshein PLLC
Charles Wallshein PLLC
Melville, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United District Judge:

On November 8, 2023, I entered an order appointing Ian V. Lagowitz, of Trigild, LLC as a Temporary Receiver (the "Receiver") of certain assets and property of the 5615 Northern LLC. (Doc. 114 ("Appointment Order").) On February 15, 2024, the Receiver moved for an order holding Defendants 5615 Northern LLC and Spyro E. Avdoulos (the "Defendants") in contempt of the Appointment Order. (Doc. 116 ("Contempt Motion").) Upon review of the Contempt Motion, I issued an order directing that Defendants appear telephonically and show cause on March 28, 2024 why an order should not be issued holding them in contempt for failing to comply with the Appointment Order. (Doc. 119.) On March 28, 2024, I held a telephonic conference concerning the Contempt Motion and ordered the parties to file a joint letter or stipulation by April 12, 2024 informing me of the status of this matter. (Doc. 121.) On April 12, May 20, and June 28, 2024, the parties filed joint status reports regarding the Defendants' compliance with the Appointment Order. (Docs. 122, 125, 129.)

On October 1, 2025, I issued an order directing that the Receiver inform me whether the Contempt Motion should be denied as moot, without prejudice to filing a new motion. (Doc. 152.) On October 16, 2025, the Receiver submitted a letter requesting that I deny the Contempt Motion, without prejudice to the filing of a new motion for contempt. (Doc. 157.)

Accordingly, it is hereby ORDERED that the Contempt Motion, (Doc. 116), shall be DENIED as moot, without prejudice to filing a new motion. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 116.

SO ORDERED.

Dated: October 17, 2025
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge